IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY B. JAMES,

    Plaintiff,                             No. CIV S-11-2979 GEB DAD PS

    v.

UC DAVIS                                   ORDER
POLICE DEPARTMENT,

    Defendant.
_____/

This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff however has submitted an incomplete in forma pauperis application. Specifically, plaintiff has answered "N/A" to many of the questions posed in the in forma pauperis application, despite the fact that the requested information is clearly applicable. (In Forma Pauperis Application (Doc. No. 2) at 1-2.) For example, plaintiff states in his in forma pauperis application that his employer's name and address, and the value any automobile, real estate, stock, bond, security, trust or jewelry plaintiff might own is "N/A." (Id.) Morever, plaintiff states in his in forma pauperis application that in the past twelve months he did not receive any income from any sources. However, in a document attached to his in forma pauperis application, plaintiff provides answers that appear to be inconsistent with those reported above

1

by stating that he receives Food Stamps and that his gross monthly pay is $300.  Plaintiff's in forma pauper application will therefore be denied without prejudice to filing a completed in forma pauperis application.

Moreover, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff's initial filing is deficient in several respects.  First, a civil action is commenced by filing a complaint with the court.  Fed. R. Civ. P. 3.  Here, plaintiff has not filed a

complaint.  Instead, plaintiff's filing consists of a one-page sample complaint, attached to which are a Government Claims Form, a University of California Police Incident Report, a flyer concerning a lost cell phone and the results of an Index Search for plaintiff's name in the Sacramento County Superior Court records.  The Clerk of this Court has construed plaintiff's initial filing as a complaint and, out of an abundance of caution, the court will do so as well.

Second, plaintiff's complaint does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends.  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1]  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).  Because of the presumptive lack of jurisdiction, a plaintiff's complaint is required to contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a).  Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); see also Franklin v.

---

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

1  Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is
2  'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be
3  dismissed sua sponte before service of process.").
4     Third, plaintiff's filing is nearly incomprehensible.  To the extent the court can
5  decipher plaintiff's submission, it appears that he wishes to complain about being arrested by the
6  UC Davis Police Department.  However, plaintiff has failed to allege any facts or any claims for
7  relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair
8  notice to the defendants and allege facts that state the elements of the claims both plainly and
9  succinctly.  See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  A
10 plaintiff must allege with at least some degree of particularity specific acts which each defendant
11 engaged in that support the plaintiff's claims.  See id.
12    Finally, in his filing plaintiff has named the UC Davis Police Department as the
13 sole defendant.  The UC Davis Police Department is an arm of the state of California and is
14 subject to sovereign immunity pursuant to the Eleventh Amendment.  See Regents of the
15 University of California v. Doe, 519 U.S. 425, 431 (1997); see also Armstrong v. Meyers, 964
16 F.2d 948, 949-50 (9th Cir. 1992); Thompson v. City of L.A., 885 F.2d 1439, 1443 (9th Cir.
17 1989); Jackson v. Hayakawa, 682 F.2d 1344, 1350 (9th Cir. 1982).
18    In general, the Eleventh Amendment bars suits against a state, absent the state's
19 affirmative waiver of its immunity or congressional abrogation of that immunity.  Pennhurst v.
20 Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318
21 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176
22 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of
23 Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against
24 the State or its agencies for all types of relief, absent unequivocal consent by the state.").
25    To be a valid waiver of sovereign immunity, a state's consent to suit must be
26 "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996). See

1  also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no
2  consent by implication or by use of ambiguous language." United States v. N.Y. Rayon
3  Importing Co., 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption
4  against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers
5  "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory]
6  language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations,
7  ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable
8  for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously
9  to such monetary claims." Lane, 518 U.S. at 192.

10      The Ninth Circuit has recognized that "[t]he State of California has not waived its
11  Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and
12  the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh
13  Amendment immunity." Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir.
14  2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)). The Eleventh
15  Amendment also bars federal suits, whether seeking damages or injunctive relief, against state
16  officials where the state is the real party in interest. Pennhurst, 465 U.S. at 101-02. "Eleventh
17  Amendment immunity also shields state officials from official capacity suits." Krainski, 616
18  F.3d at 967.

19      For these reasons, the sole defendant identified by plaintiff in his initial filing
20  appears to be subject to sovereign immunity pursuant to the Eleventh Amendment.

21      Accordingly, for all the reasons cited above, plaintiff's complaint will be
22  dismissed for failure to state a claim upon which relief can be granted.

23      The undersigned has carefully considered whether plaintiff may amend his
24  complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to
25  amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.
26  Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake

Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972). See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, because of the vague and conclusory nature of the allegations in plaintiff's complaint the court cannot say that it appears beyond doubt that leave to amend would be futile. Plaintiff's original complaint will therefore be dismissed, and he will be granted leave to file an amended complaint. Plaintiff is cautioned however that, if he elects to file an amended complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also instructed that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed

in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Finally, plaintiff's amended complaint must include concise but complete factual allegations describing the conduct and events which underlie his claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 9, 2011, application to proceed in forma pauperis (Doc. No. 2) is denied without prejudice.

2. The complaint filed November 9, 2011 (Doc. No. 1) is dismissed with leave to amend.

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

4. Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: December 28, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\james2979.ifp.ord

7