IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY B. JAMES,

    Plaintiff,　　　　　　　　　　No. CIV S-11-2979 GEB DAD PS

    v.

UC DAVIS　　　　　　　　　　　　FINDINGS AND RECOMMENDATIONS
POLICE DEPARTMENT,

    Defendant.
_____/

        Plaintiff, Gregory James, is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's amended complaint and request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff has submitted an in forma pauperis application that make the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma

pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff's amended complaint is deficient in several respects.[1]  First, the amended complaint does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plaint statement of plaintiff's claim showing that he is entitled to relief or a demand for judgment for the relief plaintiff seeks.  Rather, plaintiff's amended complaint consists merely of a title page, a page of allegations and an attached map of the U.C. Davis Medical Center and Children's Hospital.  (Am. Compl. (Doc. No. 4) at 1-3.)

With respect to the allegations found in his amended complaint, plaintiff's filing is nearly incomprehensible.  Although it appears that plaintiff is complaining about being detained and arrested by the U.C. Davis Police Department, beyond that the nature of the allegations are unclear.  Moreover, though the amended complaint makes passing reference to plaintiff's "FOURTH AMENDED RIGHTS" and a "denial of due process" the amended complaint fails to allege any claim for relief with specificity or clarity.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and allege facts that state the elements of the claims both plainly and succinctly.  See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with at least some degree of particularity specific acts which each defendant engaged in that support the plaintiff's claims.  See id.

Finally, in his amended complaint plaintiff has named the U.C. Davis Police Department as the sole defendant.  However, the U.C. Davis Police Department is an arm of the state of California and is subject to sovereign immunity pursuant to the Eleventh Amendment. See Regents of the University of California v. Doe, 519 U.S. 425, 431 (1997); see also Armstrong v. Meyers, 964 F.2d 948, 949-50 (9th Cir. 1992); Thompson v. City of L.A., 885 F.2d 1439, 1443 (9th Cir. 1989); Jackson v. Hayakawa, 682 F.2d 1344, 1350 (9th Cir. 1982).

---

[1] By order filed December 29, 2011, the court denied plaintiff's motion to proceed in forma pauperis without prejudice and dismissed his original complaint with leave to amend. (Doc. No. 3.)  In that order the court noted the deficiencies of the original complaint and provided plaintiff with the governing legal standards.  (Id.)

1    In general, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996). See also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no consent by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." Lane, 518 U.S. at 192.

The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)). The Eleventh Amendment also bars federal suits, whether seeking damages or injunctive relief, against state officials where the state is the real party in interest. Pennhurst, 465 U.S. at 101-02. "Eleventh
/////

Amendment immunity also shields state officials from official capacity suits." Krainski, 616 F.3d at 967.

Thus, the sole defendant identified by plaintiff in his amended complaint appears to be subject to sovereign immunity pursuant to the Eleventh Amendment.[2]

Accordingly, for all the reasons cited above, plaintiff's amended complaint should be dismissed for failure to state a claim upon which relief can be granted. The undersigned has carefully considered whether plaintiff may further amend his complaint to state a cognizable federal claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above and the fact that plaintiff was unable to successfully amend his complaint after being granted leave to amend and provided the applicable legal standards, the undersigned finds that it would be futile to grant plaintiff further leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's March 2, 2012, application to proceed in forma pauperis (Doc. No. 5) be denied;

2. The amended complaint filed January 25, 2012 (Doc. No. 4) be dismissed without leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within

---

[2] This defect was present in plaintiff's original filing. (Doc. No. 1.) More importantly, the court's order dismissing plaintiff's original complaint specifically advised plaintiff of the governing legal standards in granting him leave to file an amended complaint in order to cure this defect. (Doc. No. 3.)

fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

DATED: May 3, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\james2979.ifp.f&rs